651 P.2d 120

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Edward GARCIA and William Sutton, Defendants-Appellees.**

Nos. 5663, 5664.

Court of Appeals of New Mexico.

Aug. 26, 1982.

Jeff Bingaman, Atty. Gen., Frank A. Murray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

John B. Bigelow, Chief Public Defender, Michael Dickman, Appellate Defender, Santa Fe, for defendants-appellees.

## OPINION

WALTERS, Chief Judge.

The district judge, who dismissed informations filed against the defendants in these consolidated cases, prepared identical memorandum opinions in each case detailing the basis of his orders. We affirm the dismissals.

### I.

■ Judge Karelitz's opinion, modified only slightly and omitting none of his reasoning, follows:

These defendants were committed as delinquent children under the Children's Code to the New Mexico Boys' School at Springer, New Mexico in February and May, 1981.

After they attained the age of 18 years they escaped, or attempted to escape, from the New Mexico Boys' School. This escape, or attempted escape, occurred after the effective date of the 1981 Amendments to the Children's Code.

Thereafter a petition was filed in the Children's Court Division of this court alleging that defendants were delinquent children, for the reason that they had committed the act proscribed under Section 32–1–3(O)(6) [N.M.S.A. 1978 (1981 Repl. Pamph.)]. The section cited makes it a delinquent act for a child to escape from any detention facility operated by the Corrections Department [to which the child has been lawfully committed]. This court dismissed the petition with prejudice upon the ground that the court had no jurisdiction over defendants because they were 18 years or older at the time of the escape from the New Mexico Boys' School. The State did not appeal those dismissals.

On January 5, 1982, the District Attorney filed informations in the District Court charging that the defendants escaped or attempted to escape from a jail, namely, the New Mexico Boys' School at Springer, contrary to § 30–22–8, N.M.S.A. 1978.

Section 30–22–8, *supra,* makes it a fourth degree felony to escape from jail. The section provides that escape from jail "consists of any person who shall have lawfully committed to any jail, escaping or attempting to escape from such jail."

The defendants moved the court to quash or dismiss with prejudice the informations, upon the ground that the informations fail to charge an offense under the laws of New Mexico, i.e., that the New Mexico Boys' School is not a jail.

What is a jail has been a matter of common understanding since the earliest territorial days. Laws 1865–1866, ch. 19, § 1, provided that the "common jails now standing or that may hereafter be built in the different counties of this Territory, shall be under the control of the respective sheriffs of each county, and the same shall be used as prisons, in the respective counties for the

purposes in this act provided." Laws 1865–1866, ch. 19, § 2, dealt with the purposes of jails. Section 2 provided that the jail in each county

> shall be used for the retention of every person or persons who, within the same county, shall be charged with any crime or properly committed for trial, or for the imprisonment of every person or persons, who, in conformity with sentence, upon conviction of an offense may have been sentenced, or for the imprisonment of every person or persons who shall be sentenced to imprisonment in the penitentiary, until a penitentiary shall be built, and for the safe keeping of every person who shall be committed by competent authority, according to law; provided, that each prisoner shall be kept in the county in which the offense may have been committed.

See General Laws of New Mexico, 1880, [ch. LXVII], compiled under the supervision of Chief Justice Bradford Prince; and Compiled Laws, New Mexico, 1884, §§ 468 and 469. These laws have continued in force, with but slight amendments, from 1866 until the present day, and they now are compiled as §§ 33–3–1 and 33–3–3, N.M.S.A. 1978.

The New Mexico Reform School, now New Mexico Boys' School, was created as a state [territorial] institution by Laws 1903, ch. 2. By § 10 of that chapter, it was provided that the Reform School was

> intended and meant for the confinement, instruction and reformation of juvenile offenders against the laws of the Territory of New Mexico, and of any persons of idle, vicious or vagrant habits of both sexes in the Territory of New Mexico, under the age of eighteen years, who may be convicted of any offense less than a felony punishable by imprisonment in the penitentiary for the term of life * * *.

The court, when the person convicted was under the age of 18 years, was to order the sentence to be executed by confinement in the Reform School instead of in the penitentiary. The same was to be done in connection with misdemeanor offenses. At that time, there was no provision in the law of New Mexico for children to be treated other than as criminal offenders.

The first modern law on juvenile delinquency was enacted by the state legislature in 1917. Laws 1917, ch. 4, § 2, provided that the District Court when dealing with juvenile delinquents should be referred to as the Juvenile Court. Section 5 provided that when any person was adjudged a juvenile delinquent he should be a ward of the Juvenile Court and, for the first time, it was provided that "in no case shall an order adjudging a person to be a ward of the juvenile court be deemed to be a conviction of crime." The 1917 Act related to children under the age of 16 years who violated any laws of the State or who were incorrigible or of bad habit. Laws 1929, ch. 74, § 1, increased the age under which a child would be a juvenile delinquent to 18 years.

Laws 1927, ch. 114, § 1, provided that the New Mexico Reform School at Springer might also be designated and known as the New Mexico Industrial School and should be used "for the detention, reformation and instruction of boys under eighteen years of age who may be convicted of any offense less than murder or manslaughter, or who may be adjudged to be juvenile delinquents." The section further provided that when any boy under 18 years of age was convicted of any such offense or was adjudged to be a juvenile delinquent, the court might, if in its opinion the accused was a proper subject therefor, order him committed to the New Mexico Industrial School until he should attain the age of 21 years or until he should be sooner paroled, released or removed by order of the court. The New Mexico Reform School or the New Mexico Industrial School had its name changed by constitutional amendment in 1955, Art. XIV, § 1.

Today, the New Mexico Boys' School is used exclusively for the detention, reformation and instruction of boys under 18 and of males from 18 to 21 years of age who * * * may be convicted of any offense or may be adjudged to be delinquent children [under the Children's Code]. Section 33–4–1, N.M.S.A. 1978.

Under the Children's Code, § 32–1–33, N.M.S.A. 1978, a judgment in proceedings on a petition shall not be deemed a conviction of crime nor shall it impose any civil disabilities ordinarily resulting from conviction of a crime.

There was in New Mexico no statutory offense making criminal a mere escape from jail, until the passage of Laws 1941, ch. 21. That chapter was compiled as § 41–4102, N.M.S.A. 1941. The statute provided as follows:

Any person who shall have been committed to jail, under any criminal charge, and shall, before the final trial of the cause for which he was imprisoned, or before the completion of the sentence, in case he shall be convicted in the court in which the charge may be pending, escape from jail, such person shall be guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not less than one [1] year and not more than five [5] years.

At the time of enactment of this first statute in the New Mexico legislative history making escape from jail a felony, it was still the statutory law of New Mexico, in accordance with Laws 1917, ch. 4, § 5, that an adjudication that a juvenile was a delinquent and was a ward of the juvenile court was not to be deemed a conviction of crime. Section 44–107, N.M.S.A. 1941.

The 1941 statute proscribing escape from jail, § 41–4102, *supra,* remained the law of New Mexico [*See* Laws 1959, ch. 111] until repealed by the 1963 Criminal Code. The escape from jail statute [re-]enacted in 1941 was enacted, in simplified form, by the drafters [sic] of the Criminal Code as § 22–8 of Laws 1963, ch. 303, and was compiled as § 40A–22–8, N.M.S.A. 1953. It now is compiled as § 30–22–8, N.M.S.A. 1978, and is, of course, the statute under which the defendants have been charged in the present information.

Construing § 30–22–8, *supra,* in the light of the statute in which it had its origin, i.e., § 41–4102, N.M.S.A. 1941, it is clear that the section contemplates a commitment to jail under a criminal charge. [*Compare*

*State v. Garcia,* 78 N.M. 777, 438 P.2d 521 (Ct.App.1968).] There can be no other reasonable conclusion as to the proper construction of § 30–22–8, in the light of its legislative history.

The defendants were committed to the New Mexico Boys' School, but not under criminal charges. As a general proposition, it can be said that since 1917, the date of the first juvenile delinquency law in New Mexico, a juvenile found to be a delinquent was not committed as for a crime.

In addition, it is clear that the New Mexico Boys' School at Springer, which is used for the detention, reformation and instruction of boys committed under the Children's Code, in no way resembles a prison for the county, which from 1866 to the present date has been the understanding as to the meaning and purpose of the term "jail."

The court therefore concludes that, because the defendants were not committed under any criminal charge and because the New Mexico Boys' School is not a jail within the contemplation of § 30–22–8, *supra,* the informations filed in this case on January 5, 1982, should be quashed and dismissed with prejudice.

s/ Leon Karelitz
LEON KARELITZ
DISTRICT JUDGE, DIV. I

We agree with and adopt Judge Karelitz's reasoning. We also point out that the *Report of Criminal Law Study Interim Committee* 1961–62 (the report on which the Criminal Code is based) recommended, in the Report's proposed § 22–8, the adoption of an escape statute which would provide: "Escape consists of escaping from lawful custody or confinement." The legislature rejected such a broad approach to escape; instead it enacted separate provisions for escape from jail, escape from the penitentiary, and escape from custody of a peace officer. Sections 30–22–8, –9, –10, N.M.S.A. 1978. The legislature's wording of these three sections, together with the legislative rejection of the Committee's recommendation, support the view that § 30–22–8, *supra,* requires commitment to jail under a criminal charge or sentence.

## II.

The State urges this court to find some means of avoiding the trial court's analysis to prevent a result that would allow persons over the age of 18 to "escape with impunity" from children's detention facilities. It refers us to *State v. Gilman,* 97 N.M. 67, 636 P.2d 886 (Ct.App.1981), wherein we held that the escape from jail statute "punishes one who escapes custody while lawfully sentenced to jail." We were concerned in that case with a jail prisoner who had escaped from a work detail outside the confines of the jail. The prisoner there had argued that escape from jail meant only escape from the jail building itself. The State finds support in *Gilman's* quotation from *Ex parte De Vore,* 18 N.M. 246, 136 P. 47 (1913), that penal statutes should not be unnaturally construed to work exemptions from their penalties.

The converse is equally true: Penal statutes should not be subjected to strained or unnatural constructions in order to bring within them conduct not legislated against. It is solely within the legislature's province to enact penal statutes and provide penalties for criminal behavior. *See State v. Mabry,* 96 N.M. 317, 321, 630 P.2d 269, 273 (1981). It is likewise a legislative function and prerogative to define crimes. *State v. Moss,* 83 N.M. 42, 487 P.2d 1347 (Ct.App.1971). The legislature is presumed to know that it defined in §§ 33-3-1 and -3, *supra,* the function of a jail, under whose supervision it is placed, and who was to be detained or incarcerated within it. *See State v. Trivitt,* 89 N.M. 162, 548 P.2d 442 (1976). It did not provide for detention in a jail of delinquent children whose conduct is expressly excepted from classification as "criminal" conduct. Section 32-1-33, *supra.*

Escape from jail is a criminal offense, § 30-22-8, *supra;* escape from the Boys School is a delinquent act, § 32-1-3(O)(6), *supra.* The State's reliance on decisions of other jurisdictions does not acknowledge the discrete provisions between their statutory schemes and ours. New Mexico maintains a legal, physical and functional distinction between a state correctional facility for juveniles, § 33-1-2 C(2), *supra.* and "[a] county jail, whether for adults or juveniles, * * * a place for the legal detention of all persons, [sic] who come within the provisions of our laws which authorizes our law enforcement officers to detain them." *McArthur v. Campbell,* 225 Ark. 172, 280 S.W.2d 219 (1955), cited by the State. In New Mexico, juveniles may not be committed to a facility used for the execution of sentences of persons convicted of crimes, i.e., a jail. Section 32-1-34(G), N.M.S.A. 1978.

The result which concerns the State—that persons ordered to be detained in a juvenile facility beyond their eighteenth birthdays may escape and "get off scott [sic] free"—may be as deplorable as is contended. But the remedy for that objection lies exclusively within the powers of the legislature. Complaints of the inadequacy of legislation to reach the result desired by the State must therefore be addressed to the legislature, not to the courts. *Newhoff v. Good Housekeeping, Inc.,* 94 N.M. 621, 614 P.2d 33 (Ct.App.1980).

The orders of dismissal are AFFIRMED.

WOOD and LOPEZ, JJ., concur.