700 P.2d 650

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**William Wayne PITTS,
Defendant-Appellant.**

**No. 7904.**

Court of Appeals of New Mexico.

May 2, 1985.

Certiorari Denied June 17, 1985.

Janet Clow, Chief Public Defender, Lynne Corr, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Cause No. 7771 involves the propriety of defendant's convictions for various sex offenses after the matter was transferred from children's court "for prosecution in the district court * * *." NMSA 1978, § 32–1–30 (Repl.Pamp.1981). The convictions in this appeal, Cause No. 7904, are based on events occurring after entry of the transfer order in Cause No. 7771. We judicially notice the records on file in this court. *State v. Turner*, 81 N.M. 571, 469 P.2d 720 (Ct.App.1970). The appeal in Cause No. 7771 challenges the validity of the transfer order. The validity of defendant's convictions in Cause No. 7904 do not depend on the validity of the transfer order. *State v. Doe*, 92 N.M. 100, 583 P.2d 464 (1978); *State v. Lopez*, 79 N.M. 235, 441 P.2d 764 (1968). Thus, the decision in this Cause No. 7904 is independent of the result in Cause No. 7771.

The convictions reviewed in this appeal are robbery and escape from jail. NMSA 1978, §§ 30–16–2 and 30–22–8 (Repl.Pamp. 1984). We (1) state the background, and (2) discuss sufficiency of the evidence of robbery, and (3) whether, under the facts (which include prior children's court proceedings and the transfer order), defendant could be convicted of escape from jail.

## BACKGROUND

On August 12, 1983, a petition was filed in the children's court of Roosevelt County. The petition alleged delinquency on the basis of various sex offenses. The petition alleged that the child (defendant) had been detained at the Roosevelt County Jail since the afternoon of August 11, 1983. On August 12, 1983, the children's court entered a detention order remanding defendant to the custody of the Sheriff of Roosevelt County pending an adjudicatory hearing on the children's court petition. Because Roosevelt County did not have a detention facility for juveniles, children from that county were detained at the Quay County Jail. Defendant was taken to the Quay County Jail on August 12, 1983.

On August 25, 1983, a motion was filed asking that the children's court matter be transferred to district court for prosecution. On October 26, 1983, an order was entered which transferred "this cause [the children's court petition] * * * to the District Court of Roosevelt County for further proceedings." The order recites that the hearing on the motion to transfer was pursuant to Section 32–1–30 and NMSA 1978, Child.Ct. Rule 43 (Repl.Pamp.1982). The order also recites a stipulation that there were reasonable grounds to believe the child (defendant) committed the delinquent acts alleged in the children's court petition. The children's court judge also ruled that defendant be detained unless defendant posted a $10,000 cash bond.

Although the transfer order was entered on October 26, 1983, the criminal information in Cause No. 7771 was not filed until November 22, 1983.

Defendant reached the age of eighteen years on November 19, 1983. The events on which the robbery and escape convictions are based occurred on the evening of November 20, 1983.

Three males, including defendant, were in a cell in the juvenile section of the Quay County Jail. Across the hall, Sara was also

in a cell in the juvenile section of the jail. Sara managed to grab Thelma, a female jailer, pulled Thelma into Sara's cell and locked Thelma inside the cell. Sara then went to the control room and pushed the control button, releasing the three males from their cell.

Defendant was the first of the males to exit the cell. Defendant joined Sara in the control room; they opened drawers. Upon her release Thelma discovered that a money bag containing over $400 was missing from a drawer in the control room. Thelma testified that her confinement in the cell and the taking of the money bag was without her consent. Sara and the three males were apprehended while attempting to hitchhike out of town. Sara had most of the money. Defendant had $6 or $7 on his person when apprehended.

Defendant admitted that there was a conversation in his cell about ways to get Thelma into a cell and that Sara had been told to get the jailer. However, defendant asserted he did not participate in this conversation. Defendant also testified that he was pushed out of the cell by one of the other males and this other male was the one who took the money bag.

## ROBBERY EVIDENCE

Section 30–16–2 provides: "Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence."

Defendant contends the evidence was insufficient to show two of the requisites for robbery.

█ First, defendant asserts a lack of evidence to establish that defendant took the money bag from Thelma or from the immediate control of Thelma. Defendant points out that the money bag was removed from a drawer in the control room after Thelma was locked into Sara's cell. We agree that the evidence fails to show a theft from Thelma's person. We do not agree that the evidence fails to show a theft from Thelma's immediate control.

Thelma was the jailer on duty; the testimony shows she was in control of the jail. The money bag was in her immediate control before she was locked into Sara's cell. *Cf. State v. Rhea,* 86 N.M. 291, 523 P.2d 26 (Ct.App.1974). The fact that defendant, as an aider and abettor to Sara, locked Thelma into a cell before taking the money bag from a drawer in the control room, does not defeat the fact that the money bag was taken from Thelma's immediate control, in violation of Section 30–16–2.

*State v. Cottone,* 52 N.J.Super. 316, 145 A.2d 509, 513–14 (1958), states:

We speak of "presence" because the robbery undoubtedly took place in her presence, in the sense that she saw the two men go upstairs, later heard the thumping of the safe on the steps, and then heard the voices outside and the car when it was brought into the garage and when it was driven away—all this while she was helpless and in fear of her physical safety.

█ In *Fields v. State,* 364 P.2d 723 (Okl.Cr.1961), defendant took money from the victim's car parked outside the store after locking the victim into a vault inside the store. *Fields* held that the money was taken from the immediate presence of the victim. Defendant may not avoid a robbery conviction committed by a theft of property from the immediate control of the victim by locking the victim up before taking the property.

█ Second, defendant claims a lack of evidence to show that the theft of the money bag was by use or threatened use of force or violence. We need not consider "threatened use" or "violence." There is evidence of use of force; Thelma was grabbed and locked into a cell. Defendant asserts this use of force was insufficient because it was not the lever by which the money bag was taken from Thelma's immediate control. *See State v. Baca,* 83 N.M. 184, 489 P.2d 1182 (Ct.App.1971). We disagree.

In *Cottone,* after the victim was helpless and in fear, the safe was taken from the upstairs of the house. In *Fields,* after the

victim was forced into a vault inside the store, the money was taken from the victim's car outside the store. The fear and the force, in these two cases, was the lever by which the property was stolen. *State v. Iaukea*, 56 Haw. 343, 537 P.2d 724, 733 (1975), states: "While his primary goal was to commit rape, he clearly took advantage of the fear his prior threats and use of force instilled in his victim to take her money as well." *Iaukea* held that this prior use of force was enough evidence of a taking by threatened use of force because the defendant was able to take advantage of a situation he had created.

The force used in this case, the locking of Thelma into a cell, followed immediately by the taking of the money bag from the control room, was sufficient evidence of a taking by use of force.

## DO THE FACTS SHOW ESCAPE FROM JAIL?

Section 30-22-8 states: "Escape from jail consists of any person who shall have been lawfully committed to any jail, escaping or attempting to escape from such jail." *State v. Garcia*, 98 N.M. 585, 651 P.2d 120 (Ct.App.1982), states the statute requires commitment to jail under a criminal charge or sentence. *See* NMSA 1978 § 33-3-3 (Repl.Pamp.1983).

Defendant contends that, for three reasons, the facts do not show a violation of Section 30-22-8.

■ First, he asserts he was not in jail. He relies on *Garcia*, 98 N.M. 585, 651 P.2d 120, which held that a commitment to the Boys' School at Springer was not a jail within the meaning of Section 30-22-8. Defendant was originally detained in the Quay County Jail in the children's court proceedings because there were detention facilities for juveniles at that jail. *See* NMSA 1978, §§ 32-1-25(A)(3) and 32-1-6(A) and (B) (Repl.Pamp.1981). He was being held in a juvenile cell when he escaped. Because he escaped from a juvenile cell, defendant asserts he did not escape from jail. This argument overlooks several facts. Defendant was physically in a jail under the control of the sheriff. NMSA

1978, § 33-3-1 (Repl.Pamp.1983). Defendant had been transferred from the children's court. The children's court proceedings were over, that court's jurisdiction had ceased. Section 32-1-30(B). Defendant was being detained for prosecution in the district court as an adult. The fact that defendant had not been physically moved from a juvenile cell to an adult cell at the time of his escape does not aid defendant because, whatever the type of cell he was in, he was there to be prosecuted as an adult. Defendant was in jail.

■ Second, he claims he was not committed to jail under criminal charges. Again, he relies on *Garcia*, 98 N.M. 585, 651 P.2d 120, pointing out that he was originally detained in the jail on the basis of a children's court petition. He points out that, at the time of his escape, a prosecution had not been commenced by a complaint, information or indictment. *See* NMSA 1978, Crim.P.R. 5 (Repl.Pamp.1980). This overlooks the provision pertaining to transfers.

The transfer for prosecution in the district court was pursuant to Section 32-1-30. "No child shall be prosecuted in the district court for a criminal offense originally subject to the jurisdiction of the children's court unless the case has been transferred * * *." Section 32-1-30(B). No vacuum in "charges" exists upon entry of the transfer order. Because the children's court "case" was transferred to district court upon entry of the transfer order, the charges against defendant were those stated in the children's court petition. Upon transfer, provisions for bail pursuant to NMSA 1978, Crim.P. Rule 22 (Repl.Pamp. 1980) applied. That rule applies to any person bailable under N.M. Const. art. II, § 13. This constitutional provision applies to persons accused of a crime. *Tijerina v. Baker*, 78 N.M. 770, 438 P.2d 514 (1968).

That formal prosecution had not been commenced by complaint, information or indictment at the time of the escape does not mean that defendant had not been committed under criminal charges. He had

been transferred to be prosecuted for criminal offenses and was committed by order of the children's court for that purpose. Defendant had been committed to jail under criminal charges stated in the children's court petition.

■ Third, he contends he was not "lawfully committed" to jail. We disagree. Upon entry of the transfer order, the district court had personal jurisdiction over defendant and subject matter jurisdiction over the case that was transferred. *State v. Garcia*, 93 N.M. 51, 596 P.2d 264 (1979). Defendant states that "[n]o order committing appellant to jail was entered by the court." The statement is too broad. Upon entry of the transfer order, the court ordered defendant detained unless defendant posted a $10,000 bond. This order, however, was oral, not written. Nevertheless, this was an order committing defendant to jail. Defendant had actually been committed to jail. *Cf. Trujillo v. Cox*, 75 N.M. 257, 403 P.2d 696 (1965). The order was by competent authority, *see* Child.Ct. Rule 43(e), and was lawful, *see State v. Garcia*, 78 N.M. 777, 438 P.2d 521 (Ct.App.1968).

The judgment and sentences are affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and NEAL, J., concur.