804 P.2d 1116

**STATE of New Mexico,**
**Plaintiff–Appellant,**

v.

**Melquides ALDERETTE,**
**Defendant–Appellee.**

No. 11895.

Court of Appeals of New Mexico.

Dec. 13, 1990.

298

Hal Stratton, Atty. Gen., Margaret Mc-Lean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

OPINION

BIVINS, Judge.

The state appeals the dismissal of charges against defendant for escape from jail contrary to NMSA 1978, Section 30-22-8 (Repl.Pamp.1984). Defendant allegedly was committed to the Bernalillo County Detention Center (jail) for civil contempt for failure to pay child support. While on work release, defendant failed to return to jail. He was indicted for escape from jail. In a motion to dismiss the charges, defendant argued that in order to be charged with escape from jail, he had to have been committed to the jail under a criminal conviction or charge. *State v. Garcia,* 98 N.M. 585, 651 P.2d 120 (Ct.App.1982) (*"98 Garcia"*). The trial court agreed and dismissed the charges. We hold that the escape from jail statute does not require commitment on a criminal charge and expressly overrule *98 Garcia* to the extent it holds to the contrary. Because *98 Garcia* authoritatively construed Section 30-22-8 as encompassing escapes by persons held on criminal charges, that construction, although incorrect, was the law in New Mexico until today. To apply Section 30-22-8 to defendant would violate constitutional Due Process. Therefore, dismissal was proper, and we affirm.

Section 30-22-8 states that "[e]scape from jail consists of any person who shall have been *lawfully committed* to any jail, escaping or attempting to escape from such jail." (Emphasis added.) The literal reading of this statute would indicate that any person who has been committed to jail pursuant to lawful authority who escapes or attempts to escape is guilty of escape from jail. *See State v. Garcia,* 78 N.M. 777, 438 P.2d 521 (Ct.App.1968). The statute does not say that a person must be committed on a criminal charge or convicted of an offense. It states only that a person must be lawfully committed.

Defendant argues that stare decisis requires this court to follow *98 Garcia,* which required commitment on a criminal charge. *98 Garcia* involved two eighteen-year-olds who had escaped from the New Mexico Boys' School. The boys had been incarcerated at the Boys' School on delinquency proceedings.

After dismissing a petition filed in the children's court under NMSA 1978, Section 32-1-3(0)(6) (Repl.Pamp.1981) (making it a delinquent act for a child to escape from any detention facility) for lack of jurisdiction because the defendants were eighteen years or older at the time of the escape, the state then filed informations in the district court charging the defendants with escape from jail under Section 30-22-8. The defendants moved to dismiss on the ground that the informations failed to charge an offense under the laws of New Mexico, i.e., that the Boys' School is not a jail.

This court in *98 Garcia,* with slight modifications but omitting none of the reasoning, adopted the district court's decision. The district court correctly determined that the Boys' School was not a jail and therefore the informations should be quashed and dismissed with prejudice. But the opinion did not end there.

It further held, as an alternative ground and not as mere dictum, that the indictment could not stand because the defendants were not in custody under criminal charges. It was here the district court

erred in its construction of Section 30–22–8, and this court erred in adopting it.

The district court's opinion in *98 Garcia*, as adopted, stated:

The 1941 statute proscribing escape from jail, § 41–4102, *supra*, remained the law of New Mexico [*See* Laws 1959, ch. 111] until repealed by the 1963 Criminal Code. The escape from jail statute [re-]enacted in 1941 was enacted, in simplified form, by the drafters [sic] of the Criminal Code as § 22–8 of Laws 1963, ch. 303, and was compiled as § 40A–22–8, N.M.S.A. 1953. It now is compiled as § 30–22–8, N.M.S.A. 1978, and is, of course, the statute under which the defendants have been charged in the present information.

Construing § 30–22–8, *supra*, in the light of the statute in which it had its origin, i.e., § 41–4102, N.M.S.A. 1941, it is clear that the section contemplates a commitment to jail under a criminal charge. [*Compare State v. Garcia*, 78 N.M. 777, 438 P.2d 521 (Ct.App.1968).] There can be no other reasonable conclusion as to the proper construction of § 30–22–8, in the light of its legislative history.

*Id.*, 98 N.M. at 588, 651 P.2d at 123.

We believe that the legislative history of the escape from jail statute supports a contrary reading of the statute. Prior to 1963, escape from jail was defined as "[a]ny person who shall have been committed to jail, under any criminal charge." NMSA 1941, § 41–4102. The crime was redefined in 1963, excluding the language about commitment under any criminal charge. In drafting the statute, the legislature chose instead the phrase "lawfully committed." At that time, civil contemnors could be jailed. *See Jencks v. Goforth*, 57 N.M. 627, 261 P.2d 655 (1953). The legislature is presumed to know existing law and judicial pronouncements. *State v. Martin*, 90 N.M. 524, 565 P.2d 1041 (Ct.App.1977). We presume that when the legislature re-

wrote the escape statutes, it intended to omit the requirement that the commitment be only under a criminal charge. *See State v. Flemming*, 377 A.2d 448, 450 (Me.1977) (amendment changing escape from jail from "being lawfully detained for any criminal offense" to "being lawfully detained" interpreted as expanding scope of proscription to include individuals detained without regard to whether the confinement is based on underlying criminal violation).[1]

We therefore expressly overrule *98 Garcia* and cases following it to the extent they hold escape from jail under Section 30–22–8 requires commitment to jail under a criminal charge or sentence. *See State v. Pitts*, 102 N.M. 747, 700 P.2d 650 (Ct.App. 1985); *State v. Coleman*, 101 N.M. 252, 680 P.2d 633 (Ct.App.1984). If a person is committed to a jail by lawful authority and thereafter escapes from that jail, he can be charged with escape from jail pursuant to Section 30–22–8.

 Moreover, the interpretation urged by defendant, that commitment must have been under a criminal charge, would lead to absurd results. Any person held in jail on a civil contempt charge could walk away with impunity. To limit the statute to incarceration for criminal charges or convictions could severely undermine the trial court's powers of contempt. An appellate court will not construe a statute to defeat the intended purpose or achieve an absurd result. *State v. Herrera*, 86 N.M. 224, 522 P.2d 76 (1974). Nor will we read into a statute language that is not there, particularly if it makes sense as written. *State ex rel. Barela v. New Mexico State Bd. of Educ.*, 80 N.M. 220, 453 P.2d 583 (1969). A person may be lawfully committed for civil contempt in order to coerce him into compliance with a court order. *See State ex rel. Dep't of Human Servs. v.*

---

1. We are aware that the *98 Garcia* court relied on this same legislative history to support its holding that Section 30–22–8 contemplates commitment under a criminal charge. This court did not, however, in that case cite any authority for the proposition that language found in an earlier version of a statute but omitted from a later version is to be carried forward in the later

version. Case law suggests the contrary. *See State ex rel. Bird v. Apodaca*, 91 N.M. 279, 573 P.2d 213 (1977) (when legislature enacts a new statute, court presumes the legislature intended to change law). We believe that the principles of statutory construction relied on in the case before us would not support such use of legislative history as relied on in *98 Garcia*.

*Rael,* 97 N.M. 640, 642 P.2d 1099 (1982); *Jencks v. Goforth.*

■ Our inquiry does not end here. Implicit in defendant's argument that stare decisis requires we apply *98 Garcia* is the question of whether changing the rule of that case applies a construction to Section 30–22–8 retroactively and operates like an ex post facto law. The United States Supreme Court, in *Bouie v. City of Columbia,* 378 U.S. 347, 353, 84 S.Ct. 1697, 1702, 12 L.Ed.2d 894 (1964), said,

> An *ex post facto* law has been defined ... as one "that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action," or "that *aggravates* a *crime,* or makes it *greater* than it was, when committed." *Calder v. Bull* [3 U.S. (3 Dall.)] 386, 390 [1 L.Ed. 648 (1798)]. [Emphasis in original.]

The *Bouie* Court went on to hold that if a state legislature is barred by the Ex Post Facto Clause from passing such a law, it must follow that a state court is barred by the Due Process Clause from achieving precisely the same result by judicial construction.

This principle was applied by the Supreme Court of Alabama to reverse a conviction of escape in *Ex Parte Alexander,* 475 So.2d 628 (Ala.1985). In appealing his conviction to the state's Court of Criminal Appeals, the defendant argued the word "custody" in the escape statute did not encompass his work release situation. Two prior decisions of that intermediate court supported the defendant's argument. In the defendant's case, however, the Court of Criminal Appeals reconsidered its earlier holdings and found the crime of escape in the first degree did cover the defendant's case. The court expressly overruled its two prior decisions, thus creating a new base of conduct falling within the statute.

Relying on *Bouie,* the Supreme Court of Alabama in *Alexander* held that the Due Process Clause prevents retroactive application of a changed construction of a statute and that application of the new construction must be prospective only.

Similarly, by overruling *98 Garcia,* we have created a new base of conduct falling within Section 30–22–8. Accordingly, the Due Process Clause prevents retroactive applications of this changed construction of the escape from jail statute, and that construction must be applied prospectively only. So the dismissal by the district court in this case was proper.

Affirmed.

IT IS SO ORDERED.

ALARID, C.J., and HARTZ, J., concur.