This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

    Plaintiff-Appellee,

v.                                                                                    **NO. 32,532**

**JAROD PICKEREL,**

    Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**


Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals his conviction, pursuant to a conditional no contest plea [RP 42], for the offense of escape or attempt to escape from jail, a fourth degree felony.  Our notice proposed to affirm, and Defendant filed a memorandum in opposition.  We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     As set forth in our notice, Defendant was arrested by Officer Kerr and charged with possession of drug paraphernalia.  [DS 1]  As a consequence of his arrest, Defendant was put in jail.  [RP 28] Defendant appeared to be under the influence of an unknown drug, so he was also jailed to facilitate his detoxification.  [DS 1; RP 1] While in his jail cell, Defendant destroyed a phone, tried to flood his jail cell, and placed an article of wet clothing over the jail cell's camera.  [DS 1; RP 28-29] When an officer went into the cell, Defendant pushed the officer and attempted to push the cell door into the officer in an apparent effort to escape. [DS 1; RP 20]  Defendant was subsequently convicted for escape or attempt to escape from jail. [RP 49] *See* NMSA 1978, § 30-22-8 (1963) (providing that "[e]scape from jail consists of any person who shall have been *lawfully committed to any jail*, escaping or attempting to escape from

such jail.") (emphasis added); *see also State v. Alderette*, 1990-NMCA-132, ¶ 9, 111 N.M. 297, 804 P.2d 1116 (providing that "if a person is committed to jail by lawful authority and thereafter escapes from jail, he can be charged with escape from jail pursuant to Section 30-22-8.").

{3}     Defendant continues to argue that Section 30-22-8 is inapplicable because he was not committed to jail by a lawful authority. To be lawfully committed, Defendant maintains, his commitment to jail had to be by a court order, as opposed to by an officer following his lawful arrest. [DS 2; MIO 5] In support of his argument, Defendant refers to Black's Law Dictionary definitions of "commit" and "commitment," both of which reference action taken by a judicial authority. [MIO 4] Defendant also asserts that, "with the exception of [a commitment to] jail," other statutory provisions where the term "lawfully committed" is used for an escape crime contemplate an underlying judicial order to facilitate the commitment. [MIO 5-6] Defendant similarly points to case law where the commitments underlying escape from jail convictions were predicated on judicial actions. [MIO 6-9]

{4}     We recognize, as emphasized by Defendant by his references to other statutes and case law that addresses escape crimes, that most commitments are predicated upon a judicial order. But as nonetheless acknowledged by Defendant, a lawful commitment to jail does not require an underlying court order [MIO 5] and thus may,

2

as in the present circumstances, stem from a lawful arrest. As a result, a conclusion that an individual may be lawfully committed to jail when arrested, but may not be prosecuted for escape or attempted escape from jail would, in our view, overlook a fundamental tool of statutory construction—common sense. *See generally Alderette*, 1990-NMCA-132, ¶ 10 ("An appellate court will not construe a statute to defeat the intended purpose or achieve an absurd result."). Existing legal authority supports this view. As recognized in *State v. Garcia*, 1968-NMCA-007, ¶ 7, 78 N.M. 777, 438 P.2d 521, there are two common meanings of the term "commit": commitment by an order of a court or magistrate directing a confinement *and* commitment by delivery into another's charge, meaning no more than lawful confinement in jail. Finding it unnecessary to choose between the meanings, *Garcia* reasoned that the bottom line and "common sense" reading of Section 30-22-8 is "that a person who is lawfully confined in jail is to be punished if he breaks jail." *Id*. ¶¶ 8-10. Thus, *Garcia* concluded that "committed" means no more than lawful confinement in jail, and it would be a "strained construction" of lawful commitment to conclude that it entails only a commitment pursuant to an order of confinement. *Id.* ¶ 11.

{5}     *Garcia's* approach is consistent with other case law that similarly takes a reasoned, common sense view of the circumstances under which one may be convicted for escape from jail. *See, e.g.*, *State v. Gilman*, 1981-NMCA-123, ¶ 7, 97

3

N.M. 67, 636 P.2d 886 (holding that a defendant could be found guilty of "escape from jail" when he escaped while performing labor outside the jail). We note also that it is not insignificant that Section 30-22-8 references an escape by a person who has been "lawfully committed to any jail." Had the legislature intended to limit the means by which a person may be "lawfully committed" to jail to commitment by court orders, we believe it would have expressly included such limitation. *See, e.g.*, *State v. Hubble*, 2009-NMSC-014, ¶ 10, 146 N.M. 70, 206 P.3d 579 ("We will not read into a statute language which is not there, especially when it makes sense as it is written.").

{6}     We lastly reject Defendant's argument that the only escape crime for which he theoretically could have been charged was "escape from custody of a peace officer," as contemplated by NMSA 1978, Section 30-22-10 (1963). [MIO 10] Just as we reasoned that a common sense reading of Section 30-22-8 necessarily contemplates that to be "lawfully committed to any jail" does not require a court order, we similarly reason that the State properly prosecuted Defendant for escape from jail because he did, after all, escape or attempt to escape from jail. While an officer may have been nearby during Defendant's escape or attempted escape, more specifically applicable was his escape or attempted escape from jail, rather than any escape or attempted escape from an officer while under lawful arrest. In this regard, at the time of his

4

escape, the circumstances had moved beyond Defendant being under "actual arrest" to instead Defendant being in jail as a consequence of his previous lawful arrest. Under such circumstances, Defendant was properly charged with and convicted for escape or attempted escape from jail. *See State v. Trujillo*, 1987-NMCA-141, ¶¶ 9, 13, 106 N.M. 616, 747 P.2d 262 (holding that the defendant should have been charged with escape from jail, rather than with escape from a peace officer, when he attempted to escape from a place to which he was committed at the time of escape, even though temporarily released from the physical confines of the jail). And as further acknowledged by Defendant [MIO 11], Section 30-22-10 was nonetheless inapplicable because Defendant was arrested for a misdemeanor crime, rather than a felony crime. *See* § 30-22-10 (1963) ("Escape from custody of a peace officer consists of any person who shall have been placed under lawful arrest for the commission or alleged commission *of any felony*, unlawfully escaping or attempting to escape from the custody or control of any peace officer."). (emphasis added).

{7}     In conclusion, given that Defendant was committed to jail based on his arrest for possession of drug paraphernalia, he was lawfully committed to jail as contemplated by Section 30-22-8. We note that because his lawful commitment to jail stemmed from his arrest, we need not address whether his commitment was also justified as a protective custody to facilitate his detoxification. [MIO 11-13] *See*

5

*generally* NMSA 1978, §§ 43-2-2, et seq. (2005) (providing for short-term detention in a jail when incapacitated by alcohol or drugs without judicial intervention). And because Defendant escaped or attempted to escape from jail after having been lawfully committed to jail, we affirm his conviction for violating Section 30-22-8.

{8}      **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**M. MONICA ZAMORA, Judge**