636 P.2d 886

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Arvin Glenn GILMAN,**
**Defendant-Appellant.**

**No. 5129.**

Court of Appeals of New Mexico.

Oct. 27, 1981.

Candace Kern, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Art Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Judge.

Defendant was charged with and convicted of escape from jail, and he appeals. He argues that his escape from the location where he was performing labor on public works pursuant to § 33–3–19, N.M.S.A.1978, was not escape from jail under § 30–22–8, N.M.S.A.1978. We affirm.

Section 30–22–8, *supra*, provides:

Escape from jail consists of any person who shall have been lawfully committed to any jail, escaping or attempting to escape from such jail.

Whoever commits escape from jail is guilty of a fourth degree felony.

Defendant requests a "strict" reading of the statute because § 30–22–8 is a penal statute. *State v. Clark*, 80 N.M. 340, 455 P.2d 844 (1969). He construes "strict" to mean that "escape from jail" means only escape from the "*building* for confinement of persons held in lawful custody * * *; a lock-up."

Such a rigid interpretation violates a cardinal rule of statutory construction requiring that penal statutes "are not to be subjected to any strained or unnatural construction *in order to work exemptions from their penalties.*" *Ex parte DeVore*, 18 N.M. 246, 136 P. 47 (1913). (Emphasis added.)

Section 33–3–19, N.M.S.A.1978, imposes the duty on all county jail officers to compel jail prisoners to work on public streets, roads, and buildings between 9:00 a. m. and 4:00 p. m. during the term of any imprisonment. Defendant was assigned to a work detail at the county fairgrounds while serving a lawful sentence at the Roosevelt County jail, and it was while so assigned that he escaped.

In *State v. Garcia*, 78 N.M. 777, 778, 438 P.2d 521 (Ct.App.1968), we said:

If the meaning [of a penal statute] is doubtful, the spirit or reason of the law prevails over the literal meaning to prevent injustice. Accordingly, we may apply common sense in order to avoid an absurd result.

To construe the statute as defendant requests would, undeniably, produce an absurd result. Reason and common sense require us to recognize that the statute punishes one who escapes custody while lawfully sentenced to jail. In *Johnson v. Warden of Maryland Penitentiary*, 196 Md. 672, 75 A.2d 843 (1950), the court said:

There can be no doubt that the applicant was legally confined to the reformatory at the time of his escape. The mere fact that he was allowed to work outside on a farm in the daytime does not change the nature of his detention or confinement, and escape from the farm had no legal significance different from an escape from the reformatory itself.

That reasoning was relied on in *State v. Morris*, 7 Ariz.App. 326, 439 P.2d 208 (1968), where an Arizona statute as narrowly worded as New Mexico's § 30–22–8, *supra*, was under an attack similar to the one made in this appeal. We adopt the *Johnson* rationale, and are reinforced in our decision by the discussion found in Annot., *Escape from * * * Institution Other Than Correctional * * * as Criminal Offense*, at 69 A.L.R.3rd. 629–633, and the cases cited therein as well as in the 1981 supplement to that volume.

The judgment and conviction are affirmed.

It is so ordered.

LOPEZ and DONNELLY, JJ., concur.