680 P.2d 633

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Scott A. COLEMAN, Defendant-Appellant.**

**No. 7691.**

Court of Appeals of New Mexico.

April 5, 1984.

Janet Clow, Chief Public Defender, William P. Slattery, Asst. Public Defender, Santa Fe, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

Defendant appealed his conviction of escape from jail under NMSA 1978, § 30–22–8. We proposed summary affirmance. Defendant's timely memorandum in opposition challenged only the issue of whether there was sufficient evidence to support defendant's conviction. The other issues raised in the docketing statement have been abandoned. *State v. Martinez,* 97 N.M. 585, 642 P.2d 188 (Ct.App.1982).

Defendant was lawfully committed to the Eddy County jail. While in the custody of the jail authorities, he was placed on work release, as permitted by NMSA 1978, § 33–3–24 (Repl.Pamp.1983), and employed at a private roofing firm. On March 25, 1983, he failed to return to the jail from his employment. Defendant contends that walking away from a job site while on a work release program does not come within the meaning of "escape from jail."

To be guilty of escape from jail, one does not have to escape from the jail itself. "Reason and common sense require us to recognize that the statute [Section 30–22–8] punishes one who escapes custody while lawfully sentenced to jail." *State v. Gilman,* 97 N.M. 67, 68, 636 P.2d 886, 887 (Ct.App.1981). The defendant in the *Gilman* case escaped from the county fairgrounds where he was on a work detail pursuant to NMSA 1978, § 33–3–19 (Repl. Pamp.1983). At the time, he was serving a lawful sentence at the Roosevelt County jail.

Defendant argues that, because he was on work release and not under the direct supervision of a guard, *State v. Gilman* does not apply. We disagree. The rationale in *State v. Gilman* was adopted from *State ex rel. Johnson v. Warden,* 196 Md. 672, 75 A.2d 843 (1950), in which a defendant legally confined to a reformatory escaped when he was allowed to work outside the reformatory on a private farm during the daytime, without a guard. Escape from jail under Section 30–22–8 includes walking away from a work release program.

To convict a defendant of escaping from jail, two of the essential elements which must be proven beyond a reasonable doubt are that defendant was committed to jail and that defendant escaped from jail. NMSA 1978, UJI Crim. 22.21 (Repl.Pamp. 1982). There was evidence that defendant had been lawfully committed to jail under a criminal charge at the time he escaped. *Cf. State v. Garcia,* 98 N.M. 585, 651 P.2d 120 (Ct.App.1982). Defendant concedes that he walked away from work release. As discussed above, this constitutes escaping from jail. Therefore, sufficient evi-

dence supported defendant's conviction. We affirm.

**IT IS SO ORDERED.**

WOOD and HENDLEY, JJ., concur.