692 P.2d 534

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Steve MUSGRAVE, Defendant-Appellant.**

**No. 7706.**

Court of Appeals of New Mexico.

Nov. 29, 1984.

Hank Farrah, Albuquerque, for defendant-appellant.

Paul Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

A jury convicted defendant of aggravated battery, NMSA 1978, Section 30–3–5(B) (Repl.Pamp.1984), by inflicting an injury not likely to cause great bodily harm. This offense is a misdemeanor. It also convicted defendant of simple battery, NMSA 1978, Section 30–3–4 (Repl.Pamp.1984). This offense is a petty misdemeanor. Defendant's appeal presents two issues: (1) prosecutor misconduct, and (2) where his sentence is to be served.

### Prosecutor Misconduct

Defendant contends that prosecutor misconduct deprived him of a fair trial. The conduct involved (a) the questioning of witnesses, and (b) argument to the jury.

(a) Questioning of Witnesses

In cross-examining defense witnesses, the prosecutor asked argumentative questions and included her version of testimony of other witnesses in asking questions. During the cross-examination of defendant, the court excused the jury and lectured the prosecutor on the proper way of examining witnesses. The prosecutor had difficulty in understanding the trial court's admonitions. Following this colloquy, the prosecutor asked for clarification as to how she should proceed on rebuttal with her character witnesses.

The prosecutor, as did some of the witnesses, had difficulty in complying with evidence rules concerning character evidence. Because of the difficulty the prosecutor was having, the trial court told her

that she could question witnesses as to their opinion or the reputation of defendant as to truthfulness or violence, but that she could not inquire as to specific instances of conduct unless the defendant went into specific instances on cross-examination. *See* NMSA 1978, Evid.R. 404(a), 405 and 608(a) (Repl.Pamp.1983).

Each of defendant's objections was considered and ruled on by the trial court; in most instances the questions to which there was an objection were stricken or not answered. On appeal, defendant complains of two specific questions, neither of which was an obvious violation of the evidence rules or the trial court's admonitions to the prosecutor when considered in the context of the proceedings. *See State v. Cortez*, 99 N.M. 727, 663 P.2d 703 (Ct.App.1982), *rev'd* 100 N.M. 158, 667 P.2d 963 (1983).

■ If a prosecutor repeatedly and deliberately seeks to elicit information in a manner prohibited by the trial court's rulings, this may constitute misconduct requiring a new trial. *State v. Callaway*, 92 N.M. 80, 582 P.2d 1293 (1978). Defendant seems to argue that the prosecutor's questions were intentional and in deliberate violation of the trial court's rulings. The trial court did not agree; rather, it considered that the questions complained of on appeal were unintentional violations, if violations at all. The prosecutor's difficulties in questioning witnesses did not deny defendant a fair trial. Any error resulting from the inartful questions was cured by the trial court's handling of the objections to the questions asked. *See State v. Cortez.*

(b) Closing Argument

■ Defendant asserts that three comments by the prosecutor during rebuttal closing argument (NMSA 1978, Crim.P.R. 40(*o*) (Repl.Pamp.1980)) amounted to improper expressions of personal opinion as to defendant's guilt, which deprived defendant of a fair trial. The first two comments were inartful uses of words. The trial court's view was that the prosecutor was intending to comment on the trial evidence and the court had so understood the

comments. The third comment could properly be viewed as an invited response to defendant's closing argument. *See State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App. 1978). However, it is unnecessary to state or discuss the comments.

After the conclusion of argument, but before the jury began deliberating, defendant renewed prior motions. The trial court stated that the three comments in the prosecutor's argument endangered defendant's right to a fair trial. The trial court invited additional motions but cautioned defendant not to make motions that defendant did not want granted.

■ Defendant moved to dismiss. The trial court refused to dismiss on the basis that the comments were not intentional. Dismissal would have been improper for the unintentional comments; the appropriate remedy would have been a mistrial. *Cf. State v. Vallejos*, 86 N.M. 39, 519 P.2d 135 (Ct.App.1974).

Although impliedly invited by the trial court to move for a mistrial, defendant announced he did not want a mistrial and declined to move for a mistrial.

■ On appeal, defendant asks this court either to dismiss the cause or award a new trial. We have pointed out that dismissal would not be appropriate even if the prosecutor's comments amounted to error. Defendant may not have a new trial from this court inasmuch as he waived such relief in the trial court. *State v. Sena*, 99 N.M. 272, 657 P.2d 128 (1983); *State v. Vallejos*, 89 N.M. 23, 546 P.2d 871 (Ct.App.1976).

**Where Defendant's Sentence Is to Be Served**

The trial court sentenced defendant to the custody of the corrections department to be imprisoned for the term of THREE HUNDRED SIXTY–FOUR (364) DAYS as to the charge of Aggravated Battery, and ONE HUNDRED EIGHTY (180) DAYS on the charge of Battery, of which ONE HUNDRED SEVENTY (170) DAY-Sis [sic] suspended, for an actual sen-

tence of imprisonment of THREE HUN-DRED SEVENTY–FOUR (374) DAYS or ONE (1) YEAR and NINE (9) DAYS.

Hereafter, statutory references are to NMSA 1978. Defendant does not complain of the terms of the sentence, *see* Section 31–19–1 (Cum.Supp.1984), nor does he assert that it was improper to require that the sentences for the two offenses be served consecutively.

Defendant contends that the proper place of confinement is the county jail and the trial court erred in sentencing him to the custody of the corrections department. Section 31–19–1 provides that the place of imprisonment for each of the offenses is the county jail. Section 31–19–1, however, does not state the place of imprisonment for consecutive sentences imposed that equal or exceed one year.

Defendant relies on the statement in *State v. Sawyers*, 79 N.M. 557, 560, 445 P.2d 978 (Ct.App.1968): "The place of confinement for misdemeanors under the Criminal Code is the county jail." Defendant overlooks the fact that the place of confinement, under our statutes, depends on the length of confinement. He also overlooks the portion of *Sawyers* which held that a sentence for one misdemeanor of "not more than one year" was to be served in the penitentiary.

Section 31–20–2(A) (Repl.Pamp.1981) provides that persons sentenced to imprisonment for a term of one year or more shall be imprisoned in a facility designated by the corrections department. Defendant was properly sentenced to the custody of the corrections department if he was sentenced to a term of one year or more.

Defendant's sentences were for 364 days on the aggravated battery charge and for 180 days on the simple battery charge. The sentences were consecutive, with 170 days suspended. Defendant did not receive a sentence of more than one year on either of the offenses. The sentence of more than one year is reached by combining the sentences.

Section 33–2–39 (Repl.Pamp.1983) provides: "Whenever any convict shall have been committed under several convictions with separate sentences, they shall be construed as one continuous sentence for the full length of all the sentences combined."

■ This statute is of general application and provides for combining the two sentences into one continuous sentence. *Deats v. State*, 84 N.M. 405, 503 P.2d 1183 (Ct.App.1972); *see also State v. Martinez*, 92 N.M. 256, 586 P.2d 1085 (1978); *State v. Miller*, 79 N.M. 392, 444 P.2d 577 (1968).

■ Defendant was properly sentenced to the custody of the corrections department because his one continuous sentence was for more than one year.

The judgment and sentence are affirmed.

**IT IS SO ORDERED.**

DONNELLY, C.J., and MINZNER, J., concur.