877 P.2d 1110

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Jimmy HILL, Defendant–Appellant.**

No. 15315.

Court of Appeals of New Mexico.

May 16, 1994.

Certiorari Denied June 23, 1994.

Sammy J. Quintana, Chief Public Defender, Rita LaLumia, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Defendant appeals his conviction for escape from jail, and the enhancement of his sentence for that conviction. Our second calendar notice proposed to affirm. Defendant has responded with a memorandum in opposition contesting affirmance; unpersuaded by Defendant's memorandum, we affirm.

### FACTS

Defendant was confined in the Bernalillo County Detention Center awaiting sentencing after he had pled guilty to several offenses. While so confined, he requested, and was granted, a one-day furlough. The order granting the furlough indicated that Defendant was released on his own recognizance on September 20, 1993, the date of the order. The order directed Defendant to return on September 21, 1993, at 5:00 p.m. He failed to return and was not re-arrested until early October 1993. Thereafter, Defendant was indicted for the crime of escape from jail, contrary to NMSA 1978, Section 30–22–8 (Repl.Pamp.1984). He pled guilty to the charge, but reserved the right to appeal, challenging: (1) the sufficiency of the evidence underlying the commission of the charge; (2) the jurisdiction of the court; (3) his claim of fundamental error; and (4) his claim of double jeopardy.

### JURISDICTIONAL CHALLENGE

Defendant argues that he could not be convicted of escape from jail because under Section 30–22–8 in order to be convicted of such offense, an individual must be lawfully confined and committed to the jail at the time of the alleged escape. He contends that because he was released on furlough, he was not lawfully committed or confined to the jail at the time he failed to return. Defendant reasons that when the trial court released him on his own recognizance, even for a limited period, the court negated his status as a person lawfully committed to the jail. We disagree.

Although Defendant characterizes his argument as one of "sufficiency of the evi-

dence," we interpret it as an attack on the jurisdiction of the court and its lack of authority to convict him under Section 30–22–8, based on his assertion that the failure to return from a furlough does not constitute an escape from jail. *See State v. McCoy*, 116 N.M. 491, 498, 864 P.2d 307, 314 (Ct.App.) (while entry of plea of guilty waives any challenge to sufficiency of evidence, it does not preclude defendant from raising on appeal a claim of jurisdictional defect), *cert. granted* (July 9, 1993).

As pointed out in our second calendar notice, we do not interpret Section 30–22–8 to require Defendant to be *physically confined* in jail at the time he fails to return as ordered. Instead, we believe the dispositive issue is whether Defendant was *lawfully committed* to jail and thereafter failed to return to jail, even though he was given permission to be outside its confines for a specific period of time. *See State v. Coleman*, 101 N.M. 252, 253, 680 P.2d 633, 634 (Ct.App.) (failure to return to jail from work-release, where defendant was permitted to work during certain time period for private employer, held to constitute escape from jail), *cert. denied*, 101 N.M. 189, 679 P.2d 1287 (1984); *see also State v. Alderette*, 111 N.M. 297, 298–99, 804 P.2d 1116, 1117–18 (Ct.App.1990) (escape from jail statute applies to any person lawfully committed to jail and who thereafter escapes).

We are not persuaded by Defendant's argument that his furlough and temporary release from jail on his own recognizance was intended by the legislature to be treated differently from that of an individual who fails to return to jail following a court-authorized work-release. *See Coleman*, 101 N.M. at 253, 680 P.2d at 634; *see also Alderette*, 111 N.M. at 298–99, 804 P.2d at 1117–18.

Defendant also argues that the granting of a furlough differs from a work-release, because NMSA 1978, Section 33–3–19 (Repl. Pamp.1990), authorizes jail administrators to assign prisoners to public-work projects during their term of imprisonment. Defendant contends that there is no comparable provision relating to the granting of a furlough, and that a furlough is a matter entrusted to the discretion of the trial court—not a jail administrator.

We find Defendant's attempt to distinguish the result in *Coleman* from the facts herein unpersuasive. The release of an inmate on work-release closely parallels the release of an inmate who is granted a furlough from his jail sentence in order to take care of personal matters. In both situations, the inmate is temporarily released from the physical confines of the jail, but is legally required to return to the jail at a specified time. We believe this Court's reasoning in *Coleman* is persuasive to the question presented here. Applying the rationale of that decision, we conclude that Defendant's act of failing to return as ordered from a court-authorized furlough falls within the prohibition of escape from jail, contrary to Section 30–22–8.

Defendant also argues that the legislature's failure to designate a lesser sentence for walking away from a jail furlough or work-release constitutes a legislative oversight; thus, he reasons that Section 30–22–8 does not apply in such a situation. He contends that since the legislature specified a lesser penalty for penitentiary inmates who walk away from a penitentiary release program, NMSA 1978, § 30–22–9 (Repl. Pamp.1984), this evinces a legislative intent to also treat a failure to return to jail following work-release, and a failure to return following a furlough in a different manner. *See* NMSA 1978, § 33–2–46 (Repl.Pamp.1990). Although we agree that the legislature intended to impose different punishments under Sections 30–22–9 (escape from penitentiary) and 33–2–46 (escape from correctional department inmate-release program), we do not believe that in enacting Section 30–22–8, prohibiting escape from jail, the legislature intended that the latter statute have no application to a situation where a person is lawfully committed to jail and thereafter fails to return to jail as ordered following the expiration of a court-authorized furlough. Thus, we conclude that the result reached here is consonant with legislative intent. *See State v. Gilman*, 97 N.M. 67, 68, 636 P.2d 886, 887 (Ct.App.) (escape from jail statute must be read with common sense, to punish one who escapes from custody while lawfully

committed to jail), *cert. denied*, 97 N.M. 483, 641 P.2d 514 (1981). This is true even in light of the rule of lenity, relied on by Defendant. That rule applies where there are doubts about the construction of a statute; however, any doubts about the construction of this statute have essentially been resolved. *See Coleman*, 101 N.M. at 253, 680 P.2d at 634; *Gilman*, 97 N.M. at 68, 636 P.2d at 887. We interpret the words "lawfully committed," as used in Section 30–22–8, to include situations in which an inmate has been lawfully ordered to be confined in jail and thereafter is temporarily released on a furlough, but is legally obligated to return to the jail at a specific time.

Defendant additionally contends that his interpretation of Section 30–22–8 is supported by *State v. Trujillo*, 106 N.M. 616, 747 P.2d 262 (Ct.App.1987). In *Trujillo* this Court refused to interpret the statute prohibiting escape from custody of a peace officer to include escape from constructive custody at the State Hospital. In *Trujillo* the defendant had been transported from a jail to the Forensic Treatment Unit of the State Hospital. The defendant subsequently escaped from the State Hospital, but this Court held that his acts did not constitute the offense of escaping from the custody of a peace officer. The escape statute involved in *Trujillo*, NMSA 1978, Section 30–22–10 (Repl.Pamp. 1984), specifically stated that it was a violation for a person who has been placed under lawful arrest for the commission of a felony, to subsequently escape from the custody or control of a peace officer. In *Trujillo* we held that " 'custody or control' " does not include constructive custody or control, but applied to situations where the prisoner escaped from the physical or actual control of a peace officer. *Id.* at 618–19, 747 P.2d at 264–65. Unlike the statute sought to be applied in *Trujillo*, the statute here—Section 30–22–8, criminalizes the action of a person who has been lawfully committed to a jail and who thereafter escapes or attempts to escape therefrom, including a failure to return as ordered following a work-release or furlough.

We conclude that *Trujillo* does not require a different result in the present case.

*OTHER ISSUES*

Defendant also argues that his sentence for escape from jail violates the Double Jeopardy Clause of the federal and state constitutions, and that the trial court was without jurisdiction to sentence him as an habitual offender if the underlying offense of escape from jail is held to be unlawful. As discussed above, however, Defendant's conviction of the crime of escape from jail was not unlawful. Because we find this argument to be without merit, we find no violation of Defendant's constitutional protection against double jeopardy. Nor has Defendant shown the existence of cumulative error. *See State v. Crews*, 110 N.M. 723, 739–40, 799 P.2d 592, 608–09 (Ct.App.) (doctrine of cumulative error does not apply where reviewing court fails to find error), *cert. denied*, 109 N.M. 232, 784 P.2d 419 (1989).

Defendant's memorandum indicates he has no new facts, authorities, or argument to make with regard to the other issues raised in this appeal. A party responding to a proposed disposition under the summary calendar is required to come forward and specifically point out errors of law and fact. *See State v. Mondragon*, 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct.App.), *cert. denied*, 107 N.M. 267, 755 P.2d 605 (1988).

*CONCLUSION*

Based on the foregoing, we affirm Defendant's conviction for escape from jail and the enhancement of his sentence.

IT IS SO ORDERED.

BIVINS and FLORES, JJ., concur.