880 P.2d 327
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Ralph NAJAR, Defendant–Appellant.**

**No. 15093.**

Court of Appeals of New Mexico.

July 19, 1994.

Certiorari Denied Aug. 16, 1994.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

***OPINION***

FLORES, Judge.

Defendant was convicted of escape from an inmate-release program under NMSA 1978, Section 33–2–46 (Repl.Pamp.1990) and was sentenced as a habitual offender under NMSA 1978, Section 31–18–17 (Repl. Pamp.1990) based on a prior felony conviction for aggravated battery and robbery. The sole issue on appeal is whether habitual offender enhancement of the escape conviction constitutes double jeopardy under the federal and state constitutions. *See* U.S. Const. amend. V; N.M. Const. art. II, § 15. We affirm.

Defendant raises the double jeopardy issue for the first time on appeal. However, "double jeopardy may be raised at any stage of a criminal proceeding[,]" *State v. Haddenham*, 110 N.M. 149, 151, 793 P.2d 279, 281 (Ct.App.), *certs. denied*, 110 N.M. 72, 792 P.2d 49 *and* 110 N.M. 183, 793 P.2d 865 (1990); thus, Defendant has properly raised the issue for the first time on appeal. *See id.;* NMSA 1978, § 30–1–10 (Repl. Pamp.1994).

*DISCUSSION*

The basis for Defendant's issue lies in the statutory scheme for punishing escapes. Escape from the penitentiary is punished as a second degree felony. NMSA 1978, § 30–22–9 (Repl.Pamp.1994). Escape from a penitentiary inmate-release program is a third degree felony. Section 33–2–46. Escape from jail or a jail inmate-release program is a fourth degree felony. NMSA 1978, § 30–22–8 (Repl.Pamp.1994); *State v. Coleman*, 101 N.M. 252, 253, 680 P.2d 633, 634 (Ct.App. 1984). Defendant contends that under the *Swafford v. State* two-part test for determining legislative intent to punish, the trial court erred in punishing Defendant twice for the same conduct, once by raising the degree of the offense from a fourth to a third degree felony and once by increasing the sentence by the habitual offender enhancement. 112 N.M. 3, 13–15, 810 P.2d 1223, 1233–35 (1991). As the first prong of Defendant's double jeopardy argument, Defendant contends he was punished twice for unitary conduct. *See*

*id.* at 13–14, 810 P.2d at 1233–34; *Haddenham*, 110 N.M. at 152–53, 793 P.2d at 282–83. In making this argument, Defendant appears to be contending that: (1) the first felony conviction for aggravated battery and robbery was relied upon to convict Defendant for escape because lawful custody is an element of escape; and (2) Defendant's status as an inmate was created by virtue of the prior felony conviction.

We are not persuaded by Defendant's argument that the same facts or status gave rise to multiple punishments. Nor are we persuaded by Defendant's reliance on *Haddenham*, a consolidated case involving two defendants and two different trial courts. In *Haddenham*, this Court held that the trial courts erred in applying the habitual offender enhancement to the convictions for felon in possession of a firearm because the same prior felony convictions used to enhance the sentences were relied upon to establish that each defendant was a felon, an essential element of each of the underlying firearm possession convictions. In the instant case, Defendant's status as a felon is not an element of the underlying conviction for escape from an inmate-release program. *See* § 33–2–46 ("Any prisoner whose limits of confinement have been extended, or who has been granted a visitation privilege under the inmate-release program, who willfully fails to return to the designated place of confinement within the time prescribed, with the intent not to return, is guilty of an escape."). Defendant's status as a felon merely caused him to be lawfully incarcerated in a place from which he subsequently escaped three years later. Therefore, Defendant's felon status was one step removed from the elements that formed the basis of his conviction for escape. *See State v. Peppers*, 110 N.M. 393, 401, 796 P.2d 614, 622 (Ct.App.) (Application of the habitual offender enhancement was upheld where defendant's vehicular homicide conviction was used to enhance his sentence for failure to appear at sentencing on the same vehicular homicide conviction. The failure to appear and the vehicular homicide were separate, non-contemporaneous acts and the same facts were not used to prove both the offense and the enhancement punishment.),

*cert. denied*, 110 N.M. 260, 794 P.2d 734 (1990).

■ Nor are we persuaded by the second prong of Defendant's double jeopardy argument, that the legislature already took into consideration prior felonies when setting the penalty for escape. *See State v. Keith*, 102 N.M. 462, 697 P.2d 145 (Ct.App.), *cert. denied*, 102 N.M. 492, 697 P.2d 492 (1985). In *Keith*, this Court held that the legislature did not intend application of double enhancements of a current armed robbery conviction under both the general habitual enhancement statute and the robbery enhancement statute. *Id.* at 465, 697 P.2d at 148. However, the statute involved in *Keith*, NMSA 1978, Section 30–16–2 (Repl.Pamp.1994), specifically provided an enhanced penalty for an armed robber who had a prior armed robbery conviction. Accordingly, this Court determined that the legislature had already taken into consideration prior felony convictions when setting the penalty for repeat armed robberies. *See Peppers*, 110 N.M. at 400, 796 P.2d at 621. In *Haddenham* we made a similar determination that "[t]he legislature in fixing the penalty for the offense of felon in possession has also taken into consideration the fact of defendant's prior felony conviction." 110 N.M. at 153, 793 P.2d at 283.

Here, we do not read the penalty provision of the escape statute as an enhancement statute imposing a penalty for a prior felony conviction. Although escape from a jail inmate-release program is a fourth degree felony while escape from a penitentiary inmate-release program is a third degree felony, the place or constructive place of incarceration depends on the length of the sentence imposed rather than on a defendant's status as a felon or misdemeanant. *See* NMSA 1978, § 31–20–2(A) (Cum.Supp.1993); *State v. Musgrave*, 102 N.M. 148, 151, 692 P.2d 534, 537 (Ct.App.1984). Since the third-degree-felony punishment in Section 33–2–46 applies to both individuals incarcerated for felony convictions as well as individuals incarcerated for consecutive misdemeanors, we do not believe the legislature took into consideration prior felony convictions when setting the

punishment for escape. *Id.* This Court has previously noted that "[w]e would have a different case if the sentence being enhanced had been imposed for the offense of escape by a convicted felon. *See State v. Cox,* 344 So.2d 1024 (La.1977)." *Peppers,* 110 N.M. at 401, 796 P.2d at 622. This is not such a case. *See State v. Goodin,* 550 So.2d 801, 804 (La. Ct.App.1989).

## CONCLUSION

Based on the foregoing, we hold that the imposition of the habitual offender enhance-ment was proper and affirm the trial court's judgment and sentence.

**IT IS SO ORDERED.**

MINZNER, C.J., and PICKARD, J., concur.