Dear Mr. Barnes:
You have requested our opinion whether a defendant can be sentenced to a local detention facility for consecutive sentences under the following circumstances: no single sentence exceeds eighteen months, but the total time to be served exceeds eighteen months.
In our opinion, the law does not permit a judge to commit a defendant to a local detention facility for more than eighteen months, even if that period of confinement derives from consecutive sentences, rather than a single sentence.
 I Applicable Statutory Provision
Article 27, § 705(g) of the Maryland Code provides as follows:
 Notwithstanding any other provisions of the Annotated Code of Maryland, a judge of the circuit court for any county or any judge of the District Court may sentence a convicted offender to a local detention center, if the sentence to be then executed is for a period of not more than 18 months and the court imposing the sentence is located within a jurisdiction which is a party to the operation and maintenance of the facility to which the person is sentenced.
Thus, under Article 27, § 705(g), a judge may sentence an offender to a local detention center, but only if the sentence to be then executed is for a period of not more than eighteen months. A converse time restriction applies to sentences to the jurisdiction of the Division of Correction: With the exception of one category of offenses, a judge may not sentence an offender to the jurisdiction of the Division if the sentence is twelve months or fewer. Article 27, § 690(c).
 II Sentencing Limit
In 68 Opinions of the Attorney General 194 (1983), Attorney General Sachs interpreted the predecessor to Article 27, § 705(g). At the time, the provision was codified as § 705F, applicable to "regional detention centers," but was otherwise identical.[1]
The Attorney General was asked whether "the law permit[ted] a court to sentence an offender to a regional detention center for a period in excess of 18 months — the limit specified in Article 27, § 705F." Discussing the legislative history, Attorney General Sachs noted that language in question differed from that in the statute when it was originally enacted in 1968:
 The language then was a follows: "[A] judge . . . may sentence a convicted offender to a Regional Detention Center . . . provided the sentence imposed is for a period of not more than 18 months."
 This change in § 705F was effected by — and was the express purpose of — Chapter 205, Laws of Maryland 1975. The title of the Act states its purpose, in relevant part, as follows: "F[or] the purpose of repealing the provision that the length of the sentence imposed is a basis for determining that a convicted offender may be sentenced to a regional detention center; [and] providing that the length of the sentence to be executed is a basis for determining that a convicted offender may be sentenced to a regional detention center."
68 Opinions of the Attorney General at 203. In concluding that no law permits a judge to commit an offender to a regional detention center for more than eighteen months, the Attorney General observed "that, by placing an 18-month limit on the sentence `to be then executed,' the General Assembly intended the commitments to regional detention centers be limited to 18 months or less ofactual confinement." Id. See also Minovich v. State,18 Md. App. 368, 375, 306 A.2d 642 (1973). We are aware of no development in the law since 1983 that would cause us to reach a different conclusion.[2]
However, the eighteen-month limit on sentence length in § 705(g) applies only to the act of sentencing. 68 Opinions of theAttorney General at 204. This limit, Attorney General Sachs wrote, is not "a flat prohibition against the incarceration of an offender with a sentence of more than 18 months in a [local] detention center."
 Indeed, § 705E [now § 705(f)] provides that State prisoners may be housed in [local] detention centers pursuant to agreement between the Commissioner of Correction and the jurisdictions administering the regional detention center. Nothing in § 705 imposes any limit — as to length of sentence or otherwise — on the category of State prisoners that may, by agreement, be housed in [local] detention centers. Similarly, State inmates with sentences of more than 18 months actual confinement may be transferred to regional detention centers pursuant to the provisions of Article 27, § 690(e) or § 700(c).
 Obviously, these provisions do not require the jurisdictions operating a regional detention center to accept prisoners with unsuspended sentences of more than 18 months. But neither does Article 27, § 705F forbid the incarceration of such prisoners by agreement.
Id. (citation and footnotes omitted). Nothing in what is now § 705(g), Attorney General Sachs concluded, forbids a county to accept in its local facility prisoners whose sentences (consecutive or otherwise) exceed eighteen months. Id.
 IV Conclusion
In summary, it is our opinion that Article 27, § 705(g) does not authorize a judge to commit to a local detention facility a defendant whose consecutive sentences exceed eighteen months.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Kimberly Smith Ward Assistant Attorney General
_________________________ Jack Schwartz Chief Counsel Opinions Advice
[1] The section was renumbered by Chapter 128, Laws of Maryland 1986.
[2] Several later out-of-state decisions likewise conclude that consecutive sentences are to be added together for purposes of a cap on sentencing to local jails. See Fleming v. State,637 So.2d 945, 946 (Fla.Dist.Ct.App. 1994); State v. Morris,416 N.W.2d 688, 690 (Iowa 1987); and State v. Musgrave, 692 P.2d 534
(N.M.App. 1984). These cases are of limited value in resolving the interpretive question posed here, however, because in each of them a statute expressly addressed the impact of consecutive sentences.
 *Page 37