FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAVIER AVALOS,

Defendant - Appellant.

No. 06-2228
(D. Ct. No. 04-CR-1456 JH)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK**, and **KELLY**, Circuit Judges.

Defendant Javier Avalos was convicted of distributing five or more grams

of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and was

sentenced to 262 months' imprisonment. We affirmed both his conviction and his

sentence on direct appeal. *United States v. Avalos*, 506 F.3d 972, 980 (10th Cir.

2007) ("*Avalos I*"). On Mr. Avalos's petition for a writ of certiorari, the Supreme

Court vacated the judgment of this court and remanded for further consideration

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1. We note that this order and judgment results from the Supreme
Court's remand following our opinion in *United States v. Avalos*, 506 F.3d 972
(10th Cir. 2007), and all parts of that opinion other than Part D.2 remain valid and
retain their precedential value.

in light of *Chambers v. United States*, 555 U.S. —, 129 S. Ct. 687 (2009). Upon reconsideration, we REMAND for resentencing. All of our prior opinion unrelated to *Chambers* remains valid and retains it precedential value.

## I. DISCUSSION

We recited all of the facts relevant to Mr. Avalos's appeal in *Avalos I*. *See Avalos I*, 506 F.3d at 974–75. For purposes of this remand, it is only necessary to explain that Mr. Avalos was sentenced as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(a) based in part on the district court's determination that his prior conviction for escape from jail under N.M. Stat. § 30-22-8 was a "crime of violence." A crime of violence is defined as

> any offense under federal or state law, punishable by imprisonment
> for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of
> physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves the use of
> explosives, or otherwise involves conduct that presents a serious
> potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The definitions of "crime of violence" under § 4B1.2(a) and "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), and are virtually identical. *United States v. Dennis*, 551 F.3d 986, 988 (10th Cir. 2008). Thus, we often consider our "precedent under one of these provisions as guidance under the other provision in determining whether a conviction qualifies as a crime of violence." *United States v. West*, 550 F.3d 952, 960 n.5 (10th Cir. 2008).

In determining whether a conviction qualifies as a violent felony under the ACCA, the Supreme Court has instructed courts to engage in "'a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" *Dennis*, 551 F.3d at 988 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Under this approach, we "consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 128 S. Ct. 1581, 1584 (2008). *See also Dennis*, 551 F.3d at 988 ("This pure categorical approach does not allow a court to evaluate the underlying facts of the defendant's conduct.").

On the other hand, we employ the so-called "modified categorical approach" when the statute of conviction encompasses both violent and nonviolent crimes.

> [W]hen the underlying statute of conviction is ambiguous, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the sentencing court. This is known as the modified categorical approach, and it allows a court to determine under which part of an ambiguous or varied statute a defendant was charged so as to perform the statutory analysis. The modified categorical approach does not allow a subjective inquiry into the underlying facts of the conviction to determine whether the enhancement provision is satisfied.

*Id.* at 988–89 (alterations, citations, and quotations omitted).

Before *Chambers*, we considered an escape conviction categorically a crime of violence under U.S.S.G. § 4B1.2(a)(2).  In affirming Mr. Avalos's sentence on direct appeal, we explained:

> we have repeatedly held that escape is categorically a crime of violence because it "always constitutes conduct that presents a serious potential risk of physical injury to another."  *See United States v. Patterson*, 472 F.3d 767, 783 (10th Cir. 2006); *United States v. Turner*, 285 F.3d 909, 915–16 (10th Cir. 2002) ("Even though initial circumstances of an escape may be non-violent, there is no way to predict what an escapee will do when encountered by the authorities.  Every escape is a powder keg, which may or may not explode into violence." (quotation omitted)); *see also* U.S.S.G. § 4B1.2(a) cmt. n. 1 (defining "crime of violence" to include an offense that involves conduct that "present[s] a serious potential risk of physical injury to another").

*Avalos I*, 506 F.3d at 980.

In *Chambers*, however, the Supreme Court considered a conviction based on an Illinois statute that, in the Court's view, contained at least two separate crimes—escape from custody and failure to report to a penal institution. *Chambers*, 129 S. Ct. at 691.  The defendant in *Chambers* had been convicted of failure to report.  *Id.* at 690.  The Supreme Court concluded that failure to report is not a violent felony for purposes of the ACCA because "it does not involve conduct that presents a serious potential risk of physical injury to another."  *Id.* at 691 (quotations omitted).

In this case, Mr. Avalos was convicted under N.M. Stat. § 30-22-8,[1] which

---

[1]As we go on to explain, the record does not contain the charging documents or documents of conviction.  Mr. Avalos, however, did not object to

(continued...)

provides:

> Escape from jail. Escape from jail consists of any person who shall have been lawfully committed to any jail, escaping or attempting to escape from such jail. Whoever commits escape from jail is guilty of a fourth degree felony.

*See* N.M. Stat. § 30-22-8. New Mexico courts interpret this statute as encompassing failure-to-report scenarios. *See, e.g.*, *State v. Hill*, 877 P.2d 1110 (N.M. Ct. App. 1994); *State v. Coleman*, 680 P.2d 633 (N.M. Ct. App. 1984). Thus, after *Chambers*, the statute contains at least two separate crimes, one of which is not a crime of violence. *See United States v. Pearson*, 553 F.3d 1183, 1185 (8th Cir. 2009) (reaching the same conclusion after *Chambers* for a conviction under 18 U.S.C. § 751(a)).

Under the modified categorical approach, we may consider certain records from the prior proceeding to determine whether Mr. Avalos's conviction was for failure to report, for escape from physical custody, or for some other crime proscribed by the statute. The record on appeal, however, does not contain any such records. Thus, we must remand for resentencing with instructions to the

---

[1](...continued)
the presentence report's finding that he was convicted of escape from jail. Moreover, Mr. Avalos's opening brief suggests that he was convicted under N.M. Stat. § 30-22-8, and the brief includes the full text of the statute. The government also refers to § 30-22-8 in its brief. Thus, we operate under the assumption that Mr. Avalos was convicted of violating that statute.

district court to consider the charging documents, the judgment, any plea thereto, and any comparable judicial records from Mr. Avalos's prior prosecution under N.M. Stat. § 30-22-8 to determine whether his conviction qualifies as a crime of violence. *See id.* (on plain-error review, remanding for resentencing after *Chambers* because the district court did not engage in the modified categorical approach and the appellate record did not allow for such an inquiry).

## II. CONCLUSION

We REMAND to the United States District Court for the District of New Mexico with instructions to resentence Mr. Avalos in accordance with this order and judgment and *Chambers v. United States*, 129 S. Ct. 687 (2009). All of our prior opinion in *Avalos I*, other than Part D.2, remains valid and retains its precedential value. The mandate shall re-issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge