This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

  **Plaintiff-Appellee,**

 **v.**          **No. 33,271**

**REYES DURAN,**

  **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Edmund H. Kase, III, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Douglas E. Couleur
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Defendant appeals the sentence imposed pursuant to a plea agreement under which he pled guilty to three separate charges. We issued a notice of proposed disposition proposing to affirm the sentence in part and to reverse it in part. In response, Defendant has filed a memorandum in opposition to the proposed affirmance and the State has filed a memorandum supporting the proposed affirmance and agreeing that a portion of the sentence must be reversed. We have carefully reviewed the arguments made in the memorandum in opposition, but for the reasons stated herein and in the calendar notice, we affirm Defendant's sentence to the extent he challenges the number of years of incarceration included in that sentence. We reverse the district court's inclusion of a period of probation in the sentence.

{2} Defendant maintains that the district court was required to sentence him to a period of incarceration no greater than six years in length, which was the sentence the State agreed to recommend to the district court. In the notice we proposed to disagree. We pointed out that if a plea agreement "merely contains a recommended sentence" the district court is not bound by that recommendation. *State v. Miller*, 2013-NMSC-048, ¶ 28, 314 P.3d 655. We also pointed out that the language of Defendant's plea agreement is clear, and establishes that the State's recommendation

was just that—a recommendation, not binding on the district court. We supported this assertion by pointing to the agreement itself. The first sentence of the paragraph in question states that "[s]entencing will be at the discretion of the court." [RP 117] The agreement adds that the "District Attorney's Office agrees to **recommend** no more than six (6) years incarceration . . . ." [*Id.*] (emphasis added). Finally, the agreement states again that "[u]ltimate discretion will remain with the [c]ourt." [*Id.*] After reviewing this language, we proposed to conclude that given the combination of the word "recommend" with the emphasis on the district court's sentencing discretion, there is no reasonable way to construe the language as imposing a mandatory limit of six years of incarceration.

{3}     In addition to challenging the merits of the district court's sentencing decision, Defendant's docketing statement also raised a procedural issue, arguing that before the district court could ignore the State's sentencing recommendation, the court was required to specifically inform Defendant that the court was not bound by the recommendation. Our notice proposed to reject this argument as well, for two reasons. First, we pointed out that the proper remedy, where a district court fails to adequately inform a defendant of the non-binding nature of the State's recommendation, is to allow the defendant to withdraw his plea, a remedy Defendant explicitly rejected in this case. Second, we proposed to hold that the district court had in fact informed

Defendant that the State's recommendation did not bind the court; we pointed out that at the plea-acceptance hearing the district court emphasized the "discretion" language of the agreement several times, and Defendant indicated he understood. [DS 5, 7]

{4}    In response to the proposal contained in our notice, Defendant primarily argues the alleged procedural deficiency discussed above. He contends the district court did not "properly advise [him] that the court would not be bound by [the State's] recommendation." [MIO 1] Defendant points out that both Rule 5-304(B) NMRA and the Supreme Court case of *State v. Pieri*, 2009-NMSC-019, ¶ 1, 146 N.M. 155, 207 P.3d 1132, require a district court to so advise a defendant if the court does not plan to adhere to the sentencing recommendation made by the State. Defendant vigorously argues that the district court did not do so at the plea hearing. He contends that the plea agreement's references to "ultimate discretion" and "sentencing discretion" remaining with the district court could be construed to mean that the court's discretion could have been limited to a sentence somewhere between zero years of incarceration and the six years recommended by the State. [MIO 6] He then maintains that at the plea hearing the district court did not clarify this claimed ambiguity.

{5}    We continue to believe that the district court complied with Rule 5-304(B) and properly informed Defendant that the court was not bound by the State's recommendation. During the plea colloquy the district court stated that "sentencing

4

will be in the discretion of the court." [DS 5] The court then informed Defendant that in reaching a decision as to sentencing, the court would "take[] into **consideration**" the recommendations contained in the diagnostic evaluation as well as the recommendations from counsel. [*Id.*] (emphasis added). The district court then pointed out that the district attorney's office had agreed to recommend to the court that Defendant serve no more than six years of incarceration. [DS 6] The court finally reiterated that "ultimate discretion will remain with the court." [DS 7] Coupled with the plain language of the plea agreement, these statements from the district court clearly convey the court's belief that it had ultimate discretion in sentencing, that it would merely take into consideration the State's recommendation, and that the State's recommendation was therefore not binding on the court. The district court thus sufficiently complied with Rule 5-304(B) as well as the requirements established by *Pieri*.

{6}     In addition, even if it could be said the district court's statements during the colloquy did not sufficiently warn Defendant that the court would not be bound by the State's recommendation, Defendant below explicitly rejected the remedy our Supreme Court has provided for such situations. In *Pieri*, our Supreme Court held that "the trial court is not required to afford a defendant the opportunity to withdraw his or her plea when it rejects a sentencing recommendation . . . as long as the defendant has

5

been informed that the sentencing recommendation . . . is not binding upon the court." 2009-NMSC-019, ¶ 21. The corollary to this holding is that if the district court does refuse to follow the State's sentencing recommendation, the court must allow the defendant an opportunity to withdraw his plea. As we noted in the calendar notice, however, Defendant specifically rejected this relief in his motion for reconsideration, in which he stated that he "is not moving to withdraw this plea, but rather seeking to have the six (6) year recommendation imposed by the [c]ourt." [RP 163] On appeal Defendant continues to argue that he is entitled to be sentenced to no more than six years of incarceration, pursuant to the plea agreement, rather than to an opportunity to withdraw his plea. [MIO 9] Defendant has therefore expressly waived the option of withdrawing his plea, which is the proper remedy if Defendant is correct and the district court did not adequately inform him of the non-binding nature of the State's sentencing recommendation. *See*, *e.g.*, *State v. Musgrave*, 1984-NMCA-127, ¶¶ 9-11, 102 N.M. 148, 692 P.2d 534 (holding that defendant who expressly rejected trial court's implied offer of a mistrial could not obtain a new trial on appeal, because he had waived that relief in the trial court).

{7}     Defendant attempts to avoid the above result by arguing that the district court's failure to inform him that the court did not consider the State's recommendation to be binding rendered the plea agreement ambiguous. [MIO 5-6, 9] According to

Defendant, this ambiguous plea agreement must be construed according to his reasonable understanding of the agreement, which was that the district court's sentencing discretion was limited by the State's six-year recommendation. [MIO 3, 9] The end result of this line of argument is that according to Defendant, the district court had no choice but to sentence him to no more than six years of incarceration, despite the fact that the district court clearly viewed the State's recommendation as non-binding. For the reasons discussed below, we reject this argument.

{8}     Defendant's argument is based on a prior case decided by this Court, *State v. Gomez*, 2011-NMCA-120, 267 P.3d 831. In *Gomez*, we determined that where a district court accepts a plea knowing that the plea agreement calls for a specific, guaranteed sentence, the court is required to impose that sentence. *Id.* ¶ 16. If the district court fails to do so, on appeal this Court will determine what the guaranteed specific sentence was, and will remand the case with instructions to impose that sentence. *Id.* ¶¶ 10-14, 18-19. In making that determination, we will construe any ambiguities in the plea agreement in favor of the defendant. *Id.* ¶ 9.

{9}     The differences between this case and *Gomez* are obvious and dispositive. In *Gomez*, the district court knew that it was accepting a plea agreement calling for a specific, guaranteed sentence, but was simply mistaken about what that sentence was. *Id.* ¶ 17. Under those circumstances the district court was required by due process

principles to impose the correct sentence to which the parties had agreed. *Id.* ¶ 18. In this case, on the other hand, the district court clearly and reasonably assumed that the plea agreement contained no binding, guaranteed sentence, and accepted the agreement under that assumption. It is black-letter law that a district court has the authority to reject a plea agreement if it does not agree with the terms of that agreement. *See generally* Rule 5-304(D) (discussing district court's responsibilities when a plea agreement is rejected). Here, to the extent the plea agreement might be said to contain a binding sentencing recommendation, the district court did not accept it, and due process does not require that the non-accepted portion of the agreement be enforced. This case is instead governed by the law that is applicable to situations in which a district court rejects a sentencing recommendation made by the State. As *Pieri* discusses, there are two possibilities in such cases: if the court has adequately informed the defendant that the recommendation is not binding, the court may sentence the defendant without offering an opportunity to withdraw the plea; on the other hand, if that warning has not been provided, the court must offer the defendant the opportunity to withdraw the plea. 2009-NMSC-019 at ¶ 21. The court is not required, however, to comply with the sentencing recommendation that it has rejected.

{10} We note also that Defendant's argument depends solely upon his unilateral understanding of the terms of the plea agreement with respect to the State's recommendation. The language of the plea agreement itself is non-binding, speaking in terms of a recommendation rather than an agreement as to sentencing, and emphasizing the district court's ultimate discretion. This language calls into play the principle that when a district court accepts a plea agreement that merely contains a recommended sentence, the recommendation is not binding on the court. *Miller*, 2013-NMSC-048, ¶ 28. Furthermore, the district attorney did not agree that the recommendation was binding. [MIO 4] Finally, there was no testimony concerning any conversations that were had during the plea-negotiation process and no testimony from the assistant district attorney who had negotiated the plea. Therefore, there was no extrinsic evidence that might have supported Defendant's contention that the State's recommendation was binding. *See id.* ¶ 9 (noting that extrinsic evidence may be used to clear up an ambiguity in a plea agreement). This case is therefore unlike *Gomez* because in *Gomez* all parties involved agreed that the plea agreement called for a specific, guaranteed sentence. For that reason also, we hold that *Gomez* is inapplicable to this case—*Gomez* applies to situations in which it is clear that a plea was entered in exchange for a specific sentence, but the nature of that sentence is

9

ambiguous. *Gomez* does not apply where there appears to be no agreement between the parties for the imposition of a specific sentence.

{11}    As we pointed out in the notice of proposed disposition, it is possible that the State and Defendant did intend to enter into a plea agreement under which the State's recommendation would be binding on the district court, but failed to draft a document reflecting that agreement. It is also possible that Defendant may be able to prove the existence of such an agreement, through testimony from the assistant district attorney who participated in the negotiations, or from Defendant's attorney or Defendant himself. At this point, however, the only matters of record are the agreement itself, which contains no language at all supporting Defendant's proposed interpretation of the agreement, and the argument of Defendant's counsel, which as we stated in the notice does not constitute evidence. On this record Defendant has not established a right to have the State's sentencing recommendation enforced. Defendant remains free to attempt to establish such a right in any post-conviction proceeding he may wish to file.

{12}    As we pointed out above, the State has conceded that the district court should not have included a period of probation in the sentence that was imposed. Therefore, for the reasons stated in the notice of proposed disposition, that portion of the sentence should be reversed.

**{13}** Based on the foregoing, we hold that the district court adequately informed Defendant at the plea hearing that the district court was not bound by the State's sentencing recommendation. Alternatively, we hold that even if the district court did not do so, Defendant affirmatively waived the only remedy to which he would have been entitled, which was the opportunity to withdraw his plea. We therefore affirm the sentence imposed by the district court, with the exception of the period of probation that was included in that sentence.

**{14}** **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Chief Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**